

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXION
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Attention: Honorable Tom L. Beauchamp, Jr.

Dear Governor O'Daniel:          Opinion No. 0-3095
                                 Re: Sale of a part of Texas
                                     Agricultural Experiment
                                     Station, Substation No. 2.

          We have your letter January 17, 1941, in which our
opinion is requested on the questions therein presented. Your
letter is:

          "Governor O'Daniel has received a request
     from A. B. Conner, Director of the Texas Agri-
     cultural Experiment Station, for the execution
     of a deed which he enclosed to certain lands
     held by that agency. The deed, together with
     the request, and also a letter to Mr. Conner from
     the Acting Secretary of the Board of Directors of
     A & M College requesting preparation of the deed
     are attached hereto. The Governor respectfully
     requests your approval as to form of this instru-
     ment and your opinion as to the legal propriety
     of his executing the same."

          We assume from your request that you desire to know
whether or not you have the  legal authority to execute the
deed in question upon the showing made to you by the Directors
of the Agricultural and Mechanical College. We further assume
that the instruments mentioned in your letter and forwarded
for our consideration constitute the full record before you.

          Articles 137 and 138, Revised Civil Statutes of Texas,
vest in the Board of Directors of the Agricultural and Mechani-
cal College broad authority and powers relative to the estab-
lishment, supervision and control over experiment stations.
Article 139 of the Revised Civil Statutes provides:

          The Board shall have power:

          "1.  To establish sub-experiment stations at

such places in this State as it shall deem proper,
in addition to those now in operation.

"2.  To abandon or discontinue any sub-station
which may become undesirable for experiment purposes,
and if deemed necessary to establish others in their
stead at such other places in the same county as it
shall deem advisable.

"3.  To sell any land or other State property
used in the operation of an experiment station when
so abandoned, and to apply the proceeds of such
sale in the purchase of other land and property
for the establishment of experiment stations."
(Underscoring ours)

These provisions expressly confer upon the Board of
Directors of the Agricultural and Mechanical College the power
and authority to sell any land or other State property used
in the operation of an experiment station. This right and
authority to sell and dispose of such State property is limit-
ed to and does not become existent, however, until there has
been an abandonment of that sought to be sold. The power to
abandon such land is predicated upon a determination by the
Board of Directors that such property has "become undesirable
for experiment purposes." Whether the land sought to be sold
has been "abandoned" for reason of having become "undesirable
for experiment purposes" does not affirmatively appear in
the record before us.

Whether or not the land sought to be conveyed to the
Federal Government has become "undesirable for experiment
purposes" which will warrant an abandonment thereof is a fact
question left to the determination of the Board of Directors
of the College. If in the exercise of their discretion they
determine that such land is no longer desirable for the pur-
pose for which it was acquired and used, they should pass a
resolution to that effect and likewise expressly abandon the
same making such resolution a part of the minutes of the Board.
A copy thereof should be furnished you.

The deed submitted recites a consideration of "one
($1.00) dollar and other good and valuable considerations"
paid by the United States. In this connection we desire to
point out that the power to abandon and sell property given
the Board by the Legislature does not imply a right to give
such property away nor to dispose of the same for any but an
adequate cash consideration. The law contemplates that the
proceeds received from such sales will be used by the Board
to purchase other property for use in connection with experi-

ment purposes.  If the "other good and valuable considerations" recited in the deed is the understanding that the Federal Government will build a building on the land sought to be conveyed, such consideration is not within the contemplation of the statutes as clearly it could not be used "in the purchase of other land and property for the establishment of experiment stations."  You should therefore determine whether or not the cash consideration recited in the deed is adequate as being the reasonable cash market value of that sought to be conveyed.

We trust that the above discussion of the law involved will aid you in the performance of your duty.

All instruments submitted with your request are respectfully returned.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:db:wc


APPROVED MAR 19, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS